# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MARICELIS COLON,

    Plaintiff,

v.

LAKEVIEW LOAN SERVICING LLC, AFFILIATED TITLE OF CENTRAL FLORIDA - VILLAGES, LOANCARE LLC, and ENVOY MORTGAGE LTD,

    Defendants.

Case No. 5:24-cv-111-TJC-PRL

---

LAKEVIEW LOAN SERVICING LLC,

    Plaintiff,

v.

MARICELIS COLON, MARTIN FRANCO NIEVES, AQUA FINANCE, INC., UNKNOWN SPOUSE OF MARICELIS COLON, UNKNOWN TENANT #1, and UNKNOWN TENANT #2,

    Defendants.

Case No. 5:24-cv-211-TJC-PRL

## **O R D E R**

These two cases stem from a residential foreclosure proceeding with some of the same parties. In Colon v. Lakeview Loan Servicing, LLC, Case No. 5:24-cv-111-TJC-PRL (M.D. Fla.), Maricelis Colon is the plaintiff. Colon filed a Motion to Proceed in Forma Pauperis (Doc. 2), an Amended Complaint (Doc. 7), and a Motion to Consolidate Cases (Doc. 10). The defendants filed a response in opposition to the Motion to Consolidate Cases. (Doc. 15).

On April 22, 2024, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 9) recommending that the Court deny Colon's motion to proceed in forma pauperis and dismiss the amended complaint. Id. at 6. No party has filed an objection to the Report and Recommendation, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 9), the Report and Recommendation is due to be adopted as the opinion of the Court. As such the Amended Complaint (Doc. 7) is due to be dismissed without prejudice.

In the other case, Lakeview Loan Servicing, LLC v. Colon, 5:24-cv-211-TJC-PRL (M.D. Fla.), Colon filed a Notice of Removal (Doc. 1), a Motion to Proceed in Forma Pauperis (Doc. 2), a Motion to Dismiss for Lack of Standing/Constructive Fraud (Doc. 10), a supplement to the Motion to Dismiss (Doc. 12), a Motion for Permission to E-File Motions and Exhibits (Doc. 13), a

response to the Defendant's own Motion to Dismiss (Doc. 14), the same Motion to Consolidate Cases (Doc. 15) as in Case No. 5:24-cv-111, a Motion to Grant the Motion to Dismiss as Unopposed (Doc. 16), and a Motion for Default Judgment (Doc. 17). Lakeview filed a Motion to Remand to State Court (Doc. 11) and Colon has responded in opposition (Doc. 14).

The notice of removal states that this action is removed to this Court "pursuant to the provisions of 28 U.S.C. § 1441(a), on the ground that this Court has original jurisdiction pursuant to 28 U.S.C. $ [sic] 1331." (Doc. 1 at 1). Colon asserts that this case is to fight and preserve natural and human rights set forth in the U.S. Constitution, and states that the claims presented in a Counterclaim and Third-party Complaint raise questions of federal law, including the Fourth, Fifth, Thirteenth, and Fourteenth Amendments of the United States Constitution, violations of the RICO Act, equal protection, due process, and several others. (Doc. 1 at 1–2). Colon attempts to remove this action under 28 U.S.C. § 1443. (Doc 1 at 2).

Lakeview provides three reasons why this case should be remanded to state court. First, Colon failed to demonstrate that the other defendants consented to the removal of this case in conformity with 28 U.S.C. § 1446(b)(2)(A). (Doc. 11 at 1–2); see in re Fed. Sav. & Loan Ins. Corp., 837 F.2d 432, 434 n.2 (11th Cir. 1988) ("In cases involving multiple defendants, all defendants must consent to removal under section 1441(a).") (citations omitted).

Case 5:24-cv-00211-TJC-PRL   Document 18   Filed 06/27/24   Page 4 of 6 PageID 906

Second, a defendant has thirty days to remove a case to federal court upon proper service under 28 U.S.C. § 1446(b)(1), which Colon failed to do. (Doc. 11 at 2); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347−48 (1999). The notice of removal was filed April 23, 2024, and thirty days had long since passed since Colon was served with the initial state court pleadings on September 8, 2023. (Doc. 11-1). Moreover, under 28 U.S.C. § 1446(b)(3), even if this case was not removable until Colon filed the Amended Amended Counterclaim on December 26, 2023, the April 23, 2024 filing was still too late for timely filing of the notice of removal. (Doc. 11 at 2).

Lastly, Lakeview states that this Court lacks subject matter jurisdiction. Id. at 2−3. The notice of removal references various statutes that grants this Court federal question jurisdiction, but Colon failed to explain how any of them apply here. (Doc. 1). To the extent Colon is invoking 28 U.S.C. § 1443 to contend that the Defendant's civil rights are being violated by the state court proceeding, this avenue is available in very limited circumstances not present here. See Alabama v. Conley, 245 F.3d 1292 (11th Cir. 2001).

Further, Lakeview notes the Circuit Court dismissed Colon's Amended Amended Counterclaim on March 20, 2024, and thus there is no counterclaim to adjudicate. (Doc. 11 at 3); see Lakeview Loan Servicing, LLC v. Colon, No. 2023-CA-2702 (Fla. 5th Cir. Ct. Mar. 20, 2024). All that remains is the

4

residential foreclosure action, which is in the jurisdiction of the state court under §§ 702.01, 26.012, Fla. Stat.

Accordingly, it is hereby

**ORDERED:**

1. In <u>Colon v. Lakeview Loan Servicing LLC</u>, Case No. 5:24-cv-111-TJC-PRL, the Report and Recommendation of the Magistrate Judge (Doc. 9) is **ADOPTED** as the opinion of the Court. Maricelis Colon's Motion to Proceed in Forma Pauperis (Doc. 2) is **DENIED**. The Amended Complaint (Doc. 7) is **DISMISSED without prejudice**. The Motion to Consolidate Cases (Doc. 10) is **MOOT**.

2. In <u>Lakeview Loan Servicing, LLC v. Colon</u>, Case No. 5:24-cv-211, Lakeview Loan Servicing, LLC's Motion to Remand to State Court (Doc. 11) is **GRANTED**. This case is **REMANDED** to the Fifth Judicial Circuit Court in and for Marion County, Florida. Following remand, the Clerk shall close the file. The pending motions (Docs. 2, 13, 15, and 17) are **MOOT**. The Motion to Dismiss and the Motion to Grant the Motion to Dismiss as Unopposed (Docs. 10 and 16) will travel with the case back to state court.

**DONE AND ORDERED** in Jacksonville, Florida, the 27th day of June, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies to:

Honorable Philip R. Lammens
United States Magistrate Judge
Counsel of record
Pro se party